In the Matter of DORA JOANNOU, Respondent, against G. JOANNOU CYCLE Co., INC., et al., Appellants.

First Department, December 9, 1958.

*Myron M. Fineman* for appellants.

*Harold L. Lipton* of counsel (*Lester Pollack* with him on the brief; *Booth, Lipton & Lipton*, attorneys), for respondent.

*Per Curiam.* In this proceeding to examine and inspect the books and records of respondent corporation, the petitioner alleges that she is the owner of 50% of the corporate stock; is a director and officer of the corporation; has been excluded from the corporate affairs, and that the corporation has been mismanaged and its assets wasted.

The president of the corporation, who is petitioner's husband, is also made a respondent in the proceeding. The answer to the petition formally and categorically denies that petitioner is either a stockholder or a director; but on the motion by petitioner for a peremptory order directing examination and inspection, these categorical denials are abandoned in the opposing affidavit of the corporate president, who states that

the petitioner is the record owner of the stock claimed by her, but that she made a personal agreement to transfer the stock to him at his request and that she agreed he was to exercise control over the stock.

The president's opposing affidavit does not state that petitioner had no legal or beneficial interest in the stock; on the contrary, he swears that " This arrangement " by which petitioner had record title was one " of mutual convenience ". Such a mutual benefit in turn suggests a palpable legal interest in ownership held by the petitioner in addition to her record ownership.

On this aspect of the case, having record title as well as some legal interest, she would, prima facie, be entitled to exercise a stockholder's rights as against the corporation even though as between herself and her husband, as the other individual party to the arrangement of " mutual convenience " in title to the stock, she might as the ultimate end of other pending litigation be required to transfer some, or all, of that interest.

The affidavit of the president in respect of petitioner's status as a director and officer is conclusory. It does not deny petitioner's election as a director and officer or the occupation of these offices. It states that " she orally resigned her office." This is a mere conclusion open to differing interpretations, and not a statement of fact. Having in direct context sworn on oath that the petitioner " never was " an officer, the respondent is required at the very minimum, to state the facts by which he also claims that she really was an officer but resigned the office " orally ".

What petitioner said to effect the " oral resignation "; where it was said; how it was communicated to the corporate directors; how they acted upon it; what entries were made in the corporate records, are all matters left unanswered. In the form in which appellants have chosen to deal with this subject, no triable issue of fact is presented. Having in the end admitted petitioner held the corporate offices, appellants are required to make some factual showing of surrender.

Notwithstanding the statement by the corporate president that petitioner had resigned " orally ", he alleges, in immediate context and with an inconsistency noted at Special Term, that " Her resignation as a director and officer had been demanded by me prior to the institution of this proceeding and * * * she * * * refused to execute formal resignations." If there had been one good renunciation of the offices, no need would exist to demand another one.

We agree that when the petition, the answer and the affidavit are read together there is no triable issue; that the petitioner is entitled to the inspection.

The order should be affirmed, with $20 costs.

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and BERGAN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the petitioner-respondent. Settle order fixing date for the examination to proceed.